**BELL v. KENNEY et al.**
No. 6309.

Circuit Court of Appeals, Sixth Circuit.
Dec. 11, 1933.

897

H. M. Roberts, of Cleveland, Ohio (Howell, Roberts & Duncan, of Cleveland, Ohio, on the brief), for appellant.

W. M. Byrnes, of Cleveland, Ohio (Quigley & Byrnes, of Cleveland, Ohio, on the brief), for appellees.

HICKENLOOPER, Circuit Judge.

This is an action for wrongful death resulting from injuries received in a collision of automobiles on route No. 3, a short distance south of North Royalton, Ohio, in which action a verdict was returned for the defendants. Plaintiff below appeals.

The roadway upon which the accident occurred was a well-paved concrete highway, bearing a heavy white stripe along its center line. The defendants' car was proceeding in a southerly direction along this highway and was approaching a rather sharp curve to the west, when the automobile in which plaintiff's intestate was riding as a passenger passed a north-bound vehicle at or near the beginning of this curve, swinging over to the left-hand side of the road when so doing, and thereafter a collision occurred with the defendants' automobile which completely demolished both cars.

Plaintiff alleged five different grounds of negligence but was satisfied when the trial court reduced them to three in the general charge. These three grounds were: (1) An alleged failure to keep a proper lookout; (2) that the defendants' car was not under reasonable control; and (3) that the defendants' car was driven over beyond the white center line painted on the pavement, and thus upon the left-hand side of the road, causing the damage. The jury were unable to agree for

some time and finally submitted two questions to the court, the first of which asked for further instructions as to the law in case "both parties are at fault." The court replied that this question could not be answered categorically, although why this could not be done is not very apparent, and proceeded in substance to repeat the general charge upon the subject of liability, placing the case, however, solely upon a decision of the question whether the defendants had driven their automobile in whole or in part upon the left-hand side of the road, that is, beyond the white center stripe. Plaintiff excepted to the refusal of the court to instruct the jury that even though the defendants had kept entirely upon the right-hand side of the road, yet the plaintiff might nevertheless recover if the jury found that the defendants had failed to exercise ordinary care in maintaining a proper lookout or in keeping their automobile under proper control, and these elements of negligence contributed to produce the injury.

We find no error in the action of the court below. If the defendants kept upon their proper side of the roadway, they could not reasonably be charged with a duty to anticipate that the automobile in which the plaintiff's intestate was riding might cross to its wrong side of the road and come into collision with their car. The case is not one for application of the "last clear chance" doctrine, and no plausible ground of liability is suggested by counsel for plaintiff which is not predicated upon the fact that defendants drove on the wrong side of the roadway. This was the sole, controlling, and decisive factor in the case, and we think the jury were properly so instructed. Cf. Elms v. Flick, 100 Ohio St. 186, 126 N. E. 66. General Code of Ohio, §§ 6310-17 and 6310-22.

Furthermore, any other verdict, upon the evidence presented by the bill of exceptions, would have been without legal foundation or justification. The plaintiff has had a full and fair hearing and has, in our opinion, no ground for complaint as to the charge of the court or the result of the trial. The judgment of the District Court is affirmed.